IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Tracy K. Rogers, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:20-1934-BHH |
| v. ) | |
| ) | |
| Deputy Joe Bolin and Detective Amy ) | **ORDER** |
| Lail, *formerly known as Detective Amy* ) | |
| *Stroupe*,[1] ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Tracy K. Rogers' ("Plaintiff" or

"Rogers") complaint filed pursuant to 42 U.S.C. § 1983, alleging illegal seizure and due

process claims in violation of his Fourth and Fourteenth Amendment rights.  On May 18,

2021, Defendant Detective Amy Lail ("Lail" or "Detective Lail") filed a motion for summary

judgment.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) for this

District, this matter was referred to a United States Magistrate Judge for preliminary

determinations.

On December 2, 2021, Magistrate Judge Kevin F. McDonald issued a report and

recommendation ("Report") outlining the issues and recommending that the Court grant

Lail's motion for summary judgment as to Plaintiff's due process claim but deny the motion

as to Plaintiff's illegal seizure claim.  Attached to the Report was a notice advising the

parties of the right to file specific, written objections to the Report within fourteen days of

---

[1] After the parties participated in mediation, this matter was fully resolved as to Defendant Deputy Joe Bolin, and he was dismissed with prejudice pursuant to a stipulation of dismissal filed on December 20, 2021. (ECF Nos. 38 and 43.)  Also, Defendant Detective Amy Lail was sued under her former name, and the caption has been altered to reflect her current name.

receiving a copy.  On December 16, 2021, Detective Lail filed objections to the Magistrate

Judge's Report, and Plaintiff filed a reply on January 3, 2022.  (ECF Nos. 40 and 45.)  For

the reasons set forth below, the Court sustains Lail's objections and declines to fully adopt

the Magistrate Judge's Report.

## **BACKGROUND**

On August 9, 2017, Larry Wayne Ayers ("Ayers") reported the theft of his tractor in

Cleveland County, North Carolina, to the Cleveland County Sheriff's Office.  (ECF No. 1

¶ 6.) According to Plaintiff's complaint, Ayers suspected that a former employee had stolen

the tractor, and someone on Facebook told Ayers that he might be able to find his tractor

behind a house at the end of Wildlife Trail in Blacksburg, South Carolina, which is located

in Cherokee County, South Carolina, not far from Ayers' property in Grover, North Carolina.

(*Id.*)  After traveling to Blacksburg, Ayers found his tractor and confronted a former

employee, Keith Rogers ("Keith Rogers"), about stealing the tractor.  (*Id.*)  Keith Rogers

apparently told Ayers he was merely borrowing the tractor, and Keith Rogers left the

premises.  Ayers then called law enforcement to report that he had found his tractor.  (*Id.*)

Cherokee County Deputy Joe Bolin ("Deputy Bolin") responded to Ayers' call.  (ECF

No. 24-2.)  Deputy Bolin filed a recovered property report and contacted the Cleveland

County Sheriff's Office in North Carolina to inform officers that the tractor had been found.

(*See* ECF No. 23-3.)  When filling out the report on his computer, Deputy Bolin typed in the

name "Rogers, Keith" as the suspect, but apparently the name "Tracy Keith Rogers" auto-

populated in his system.  (ECF No. 24-2 at 9.)  Deputy Bolin then incorrectly listed Plaintiff

Tracy Keith Rogers, along with his date of birth and address in Ninety-Six, South Carolina,

as both the "suspect" and the "offender" in the recovered property report, although the

narrative portion of Detective Bolin's report also refers at one point to "Keith Rogers" and several other times to "Mr. Rogers." (*See* ECF No. 23-3.)

On August 10, 2017, Detective Tom Watterson ("Detective Watterson") of the Cleveland County Sheriff's Office contacted Detective Lail for assistance with a theft investigation he was working. (ECF No. 23-2 at 2.) According to Detective Lail, Detective Watterson explained to her the following: that the day before, a Cleveland County resident named Larry Ayers had reported the theft of his tractor from his property; that when Ayers created a Facebook post about the theft he learned from a response that the tractor could be found in Blacksburg, South Carolina; that Ayers informed Detective Watterson that he recovered the tractor from Blacksburg, South Carolina; that Ayers informed Detective Watterson that when he found his tractor, he encountered his former employee, who claimed he did not steal the tractor but rather borrowed it; that Ayers called the Cherokee County Sheriff's Office in South Carolina after his former employee disappeared into the woods, and a Cherokee County Deputy (Bolin) responded to the location and recovered the property; and that Ayers desired prosecution of his former employee. (*Id.* at 2-3.) Detective Lail contends that Watterson handed her his case supplemental report, which documented his phone call with Ayers and specifically identified the thief twice as "Tracy Keith Rogers," along with a copy of the recovered property report prepared by Detective Bolin, which also identified both the suspect and offender as "Tracy Keith Rogers." (*Id.*; ECF No. 32-4.) According to Detective Lail, Detective Watterson asked her to assist him by obtaining an arrest warrant for the reported thief, and she agreed to help him and proceeded to read through Detective Bolin's report, which she asserts "related essentially the same information provided by Det. Watterson about the theft, the recovery, and the

victim's encounter with the admitted thief." (ECF No. 23-2 at 3.) At her deposition, Detective Lail also testified:

> Okay. So the day that I made charges, I believe that was on August 10th of 2017, Detective Tom Watterson came to my office and said that -- he told me that, in essence -- I don't remember verbatim that conversation either, but in essence, he told me that a victim had identified a suspect in a larceny of a tractor, and that the victim wished to prosecute the offender, and what should he do with the case. Because Tom doesn't make criminal charges. He doesn't go outside of the office. He stays inside the office. He makes phone calls and follows up on cases through making calls, and you know, research at his own desk. So, if he were to find some evidence in a case, then we would have it assigned to a detective that would make charges or could go out into the field to investigate certain things. I didn't have any detectives in the office at that time, for whatever reason. We may have had some big event going on or something. I can't remember why. But I just told him to leave it on my desk and that I would take care of it. And I was working on something else at the time. When I got a moment to look at it, I read over the report and saw that the suspect was Tracy Keith Rogers. The offender was listed as Tracy Keith Rogers. And then in Tom Watterson's supplement, he had listed that the victim wished to prosecute the offender, Tracy Keith Rogers. So that's how. And then I went and had warrants issued. So that's how everything got kind of crossed up that the wrong person had been named in the initial report.

(ECF No. 24-1 at 7.) Detective Lail did not call Detective Bolin prior to obtaining a warrant for Tracy Keith Rogers, but she asserts that "[t]he fact that Bolin's narrative identified the thief as Keith Rogers instead of Tracy Keith Rogers did not give me pause, since I inferred that Rogers–at least when he worked for Ayers–went by Keith." (ECF No. 23-2 at 3.) Detective Lail further contends:

> I had no reason to doubt the accuracy of Bolin's determination that the suspect's full name was in fact Tracy Keith Rogers, since that is what he wrote in hits report under both "suspect" and "offender." I therefore had no reason to independently investigate the information provided me, as it has been my experience throughout my career that I can generally trust and rely upon information provided to me by other law enforcement officers, both within and outside my own agency. Here, after speaking with Det. Watterson and reviewing Deputy Bolin's report unequivocally identifying the confirmed perpetrator has Tracy Keith Rogers, I felt comfortable taking this information

4

to a Magistrate without independently investigating what I was told.

(ECF No. 23-2 at 3-4.)

Detective Lail also testified that when Detective Watterson brought her Detective Bolin's report, which listed the suspect and offender as Tracy Keith Rogers of Ninety-Six, South Carolina, she "thought Ninety-Six was an unusual name," so she looked it up on the map and learned that it was more centrally located in South Carolina than Cherokee. According to Detective Lail, the distance between Ninety-Six and where the tractor was found did not give her any reason to believe she might have the wrong person because "the stolen property was recovered in South Carolina," and Tracy Keith Rogers lived in South Carolina.  (ECF No. 24-1 at 9-10.)

The same day, Detective Lail appeared before Cleveland County Magistrate Ashlyn Harris and testified about what she had learned "about the tractor theft, its recovery, the victim's identification of the perpetrator as a former employee, and the Cherokee County Sheriff report identifying Tracy Keith Rogers as that person."  (ECF No. 23-2 at 4.)  The magistrate judge determined that probable cause existed to charge Tracy Keith Rogers with one count each of felony larceny and possession of stolen property and issued an arrest warrant, which Detective Lail entered into the NCIC wanted database the following day. (*Id.*)  When she entered the information in the NCIC database, she noted that Tracy Keith Rogers was a convicted felon with three different social security numbers associated with his name.  (*Id.*)

According to Plaintiff, approximately two months later, while he was ending his honeymoon on a Carnival Cruise leaving out of Charleston, South Carolina, someone from the cruise line left a letter in his room asking him to report to the guest services desk at

5

5:45 a.m. with his driver's license and birth certificate for a mandatory immigration screening. (ECF No. 1 ¶¶ 8-9.) Plaintiff reported to guest services and was escorted to the third floor of the ship to wait for immigration officials to arrive. The immigration officials arrived with federal agents, and one of the agents handcuffed him and took him to a holding cell off of the ship. (*Id.* ¶ 10.) Plaintiff told the agents they had made a mistake because he was not the correct person they were looking for, but they told him he was exactly who they were looking for and continued to detain him.

Plaintiff claims that a deputy from the Charleston County Sheriff's Department picked him up from the holding cell and led him out of the cell in handcuffs and chains, while more than 100 passengers who had just disembarked from the ship watched and took photos of him. (*Id.* ¶ 11.) Plaintiff arrived at Leeds Avenue Detention Center at 7:00 a.m. and was told he was not being arrested but was being detained on behalf of Cleveland County, North Carolina, and Plaintiff was put into general population at around 3:30 p.m. (*Id.* ¶¶ 13-14.)

According to Plaintiff, Master Deputy Brian Kellett ("Deputy Kellett") served him the following morning with a warrant for fugitive from justice and asked him if he would waive extradition. (*Id.* ¶ 15.) Plaintiff claims he asked Deputy Kellett if there was anything he could do because the officers had the wrong person, and Deputy Kellett said he would see what he could do. (*Id.*) Plaintiff claims that the dorm officer called him to a desk at 11:30 a.m. and told him that Deputy Kellett had reviewed videos from the crime scene and determined that they had the wrong person. Deputy Kellett contacted the Cleveland County District Attorney to try to have Plaintiff released, and he was released around 4:00 p.m. on October 20, 2017. (*Id.* ¶ 16.)

6

Subsequent inquiry from the Cleveland County Sheriff's Office suggested that the actual thief was Samuel Keith Rogers, a resident of Gaffney, South Carolina.  (ECF No. 23-2 at 4.)  When a Cleveland County deputy met with Ayers and showed him a six-photo lineup, Ayers identified Samuel Keith Rogers as the former employee whom he had found in possession of his tractor.  (*Id.*)

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### II.    Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a).  The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  All evidence should be viewed in the light most favorable to the non-moving party.  *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

### I.    The Magistrate Judge's Report

First, with respect to Plaintiff's claim for violation of his right to due process, the Magistrate Judge explained that "the Due Process Clause is not the proper lens through which to evaluate law enforcement's pretrial missteps."  *Safar v. Tingle*, 859 F.3d 245 (4th Cir. 2017).  Rather, as the Magistrate Judge further explained, "the Fourth Amendment provides an explicit textual source of constitutional protection against [unreasonable seizures and arrests] and define[s] the process that is due for seizures of persons or property in criminal cases."   *Id.* (internal citations and quotation marks omitted).  Accordingly, the Magistrate Judge recommended dismissal of Plaintiff's due process claim under the Fourteenth Amendment.

No party filed objections to this recommendation, and, after review, the Court agrees with the Magistrate Judge's analysis on this point and finds no clear error.  Accordingly, the Court adopts this portion of the Magistrate Judge's Report and dismisses Plaintiff's due process claim under the Fourteenth Amendment.

8

Next, with respect to Plaintiff's claim of illegal seizure in violation of his Fourth Amendment rights, the Magistrate Judge outlined the applicable law[2] and determined that "a genuine issue of material fact remains whether Detective Lail had probable cause to arrest the plaintiff." (ECF No. 39 at 10.) Specifically, the Magistrate Judge found that "Detective Lail failed to conduct an investigation to link the plaintiff to the crime." (*Id.*) The Magistrate Judge stated:

> It is undisputed that Detective Lail did not take additional steps to verify the information in the reports that Detective Watterson gave her, such as contacting Deputy Bolin, confirming the suspect's address, showing a picture of the suspect to Mr. Ayers, or checking the suspect's name in databases prior to seeking a warrant. Rather, Detective Lail merely took information from reports prepared by other officers and swore to those facts in front of a magistrate judge.

(ECF No. 39 at 11.)

Relying on *Smith v. Munday*, 848 F.3d 248, 251 (4th Cir. 2017), and *Trail v. Cressell*, No. 20-2219, 2021 WL 4957607 (4th Cir. Oct. 26, 2021), the Magistrate Judge noted that an investigating officer must conduct some sort of investigation. Further, with respect to Detective Lail's argument that she was not the investigating officer and that she could reasonably rely on information provided to her by other law enforcement officers, the Magistrate Judge found that "Detective Lail's own statements reveal that she may have been responsible for an investigation." (ECF No. 39 at 12.) Specifically, the Magistrate Judge quoted Detective Lail's deposition testimony where she indicated that Detective

---

[2] As the Magistrate Judge properly explained, to succeed on a claim of illegal seizure under the Fourth Amendment, a plaintiff must show that the seizure was effected without probable cause, and probable cause is objectively "determined from the totality of the circumstances known to the officer at the time of the arrest." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). Furthermore, "probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed . . . an offense." *Humbert v. Mayor and City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017).

Watterson contacted her about a "theft investigation he was working," and she said she instructed him to "leave it on my desk and I would take care of it." (*Id.* (quoting ECF No. 24-1 at 7.)

The Magistrate Judge also explained that officers are ordinarily not liable for an arrest of an individual pursuant to a facially valid warrant, but the Magistrate Judge found "that a genuine issue of material fact remains regarding whether Detective Lail omitted material facts with a reckless disregard of whether they made her testimony to the magistrate judge misleading." (*Id.* at 13.) Specifically, the Magistrate Judge explained:

> Here, Detective Lail submitted in her declaration that she was aware of discrepancies in the names in Deputy Bolin's report but did not investigate it and just inferred that the person went by Keith. Moreover, Detective Lail was aware of the significant distance between the plaintiff's residence and where the tractor was found. Further, there is no evidence that Detective Lail informed the magistrate judge of these issues. . . . Detective Lail's conduct may not amount to reckless disregard, but the undersigned finds that such determination is best reserved for a jury.

(*Id.*) Thus, the Magistrate Judge recommended that the Court deny Detective Lail's motion for summary judgment on Plaintiff's illegal seizure claim. Likewise, the Magistrate Judge recommended that the Court deny Detective Lail's motion for summary judgment on the basis of qualified immunity in light of his finding that genuine issues of material fact exist as to whether Detective Lail violated Plaintiff's constitutional rights. (*Id.* at 14-15.)

## II.    Plaintiff's Objections and the Court's Analysis

In her objections to the Magistrate Judge's Report, Detective Lail asserts that the Magistrate Judge's Report improperly treats the issue of probable cause as a question of fact and that the Report evaluates the issue of qualified immunity at too high a level of generality, in contravention of the Supreme Court's most recent precedent. Thus,

Defendant Lail asserts that "whether on the merits or on the basis of qualified immunity," her motion for summary judgment should be granted." (ECF No. 40.)

First, Detective Lail argues that the *purely legal* question for the Court is whether Detective Lail could permissibly rely on another officer's identification of the thief as Tracy Keith Rogers in seeking the arrest warrant. According to Plaintiff, the overwhelming weight of the case law indicates she could. Furthermore, Detective Lail argues that the Magistrate Judge erred in finding that a jury must decide whether Detective Lail acted "with a reckless disregard" for the truth by failing to inform the magistrate (1) that the name "Keith Rogers" appeared a single time in Bolin's report, along with multiple references to "Tracy Keith Rogers," and (2) that there was some distance between the listed address for Tracy Keith Rogers and where the tractor was found. Detective Lail argues that the alleged omitted facts were not material to the magistrate's probable cause determination, and that there is no indication that Detective Lail should have known that the omitted facts would negate probable cause if included. According to Detective Lail, adding the information flagged by the Magistrate Judge "in no way eviscerates Detective Lail's probable cause derived from Deputy Bolin's report." (ECF No. 40 at 5.) Detective Lail explains:

> The issue of whether probable cause supported the issuance of the warrant for Plaintiff's arrest remains a pure question of law. The material facts are not in dispute. All that is disputed is whether Lail was constitutionally required to independently investigate the information in Deputy Bolin's report, and whether the allegedly omitted information to the magistrate was determinative of probable cause. The answer to both questions is no, and Detective Lail is therefore deserving of summary judgment on the merits.

(*Id.*)

Next, Detective Lail argues that, apart from the merits, she is also entitled to summary judgment on the basis of qualified immunity. Detective Lail again asserts that

there is no genuine factual dispute, and she claims that Plaintiff has not brought to the Court's attention any case law clearly establishing that he was constitutionally entitled to have Detective Lail conduct her own investigation before she sought the arrest warrant. Detective Lail asserts that the Magistrate Judge's reliance on *Munday*, *Trail*, and *Thompson v. Prince William County*, 753 F.2d 363 (4th Cir. 1985), is misplaced because these cases have not clearly established any law bearing upon Detective Lail's entitlement to qualified immunity.  Detective Lail also argues that none of those cases involved the situation "where an officer not involved in gathering information takes information gathered by another officer during an official investigation and appears before a judicial officer to seek an arrest warrant," and Detective Lail argues that recent Supreme Court precedent requires that more specific level of analogous precedent when analyzing questions of qualified immunity. (ECF No. 40 at 9 (citing *City of Tahlequah v. Bond*, 142 S.Ct. 9, 11-12 (2021).)  According to Detective Lail, Deputy Bolin's report gave her probable cause to believe the thief was Tracy Keith Rogers, and she was not constitutionally required to investigate further.  (*Id.* (citing *McKinney v. Richland County Sheriff's Dept.*, 431 F.3d 415 (4th Cir. 2005), and *Rogers v. Powell*, 120 F.3d 446, 455 (3d Cir. 1997).)

After an exhaustive review of the record and the applicable law, the Court agrees with Plaintiff that this case does not involve a genuine issue of material fact for a jury to decide.  Rather, the Court finds that the material facts here are not in dispute, and what is in dispute is a difficult legal question regarding whether Detective Lail had probable cause to seek Plaintiff's arrest warrant when she relied on the information contained in Detective Bolin's recovered property report and information she gathered from Detective Watterson. On the one hand, Plaintiff and the Magistrate Judge point to cases plainly indicating that

12

"an investigating officer must still conduct some sort of investigation and assemble individualized facts that link the suspect to the crime." *See Munday*, 848 F.3d at 254.  On the other hand, Detective Lail points to well-established case law that permits a law enforcement officer to reasonably rely on statements and information received from other law enforcement officers.

Here, viewing the facts in the light most favorable to Plaintiff and assuming that Detective Lail was an "investigating officer"[3] within the meaning of *Munday* and *Trail*, the Court nevertheless finds those misidentification cases factually distinguishable.  In *Munday*, for example, the Fourth Circuit found that an officer who applied for and received a warrant for an individual based on her common weight, criminal history, race, gender, and name did not have probable cause because the officer "lacked any information connecting Smith's conduct to the contours of the offense," and the officer "merely ran a broad search in the department's database of individual's with criminal histories, looking for a woman of the same name." 848 F.3d 248.  Here, in contrast, Detective Lail relied on Deputy Bolin's recovered property report, which specifically identified "Tracy Keith Rogers" as both the suspect and the offender.  Additionally, she spoke with Detective Watterson, who had personally talked to the victim in the case, and she relied on Detective Watterson's supplemental report, which also specifically identified the former employee that Ayers

---

[3] Detective Lail argues that she was not an "investigating officer," and Plaintiff argues that Detective Lail failed to do "any shred of investigation at all."  (ECF No. 45 at 1.)  In his Report, the Magistrate Judge found that Detective Lail's statements reveal that she may have been responsible for an investigation.  (ECF No. 39 at 12.)  Ultimately, the Court finds it largely irrelevant whether Detective Lail considered herself to be an "investigating officer," and the Court simply disagrees with Plaintiff that Detective Lail failed to conduct any investigation at all.  Instead, the Court finds that the facts, which are not in dispute, reveal that Detective Lail *did* investigate the case to some extent, although not as thoroughly as Plaintiff asserts was constitutionally required, by discussing the case with Detective Watterson, by reading Deputy Bolin's report and comparing it to the information provided by Detective Watterson, and by Googling the location of Ninety-Six, South Carolina.

wished to prosecute as "Tracy Keith Rogers."  (ECF Nos. 23-3 and 23-4.)

In *Trail*, the District Court for the Western District of Virginia found that an officer did not have information from which a reasonable and prudent police officer could conclude that there was probable cause to arrest an individual named Linda Trail.  In *Trail*, however, the court remarked about the discrepancies known to the investigative officer–different first names and an informant's failure to identify the suspect from a photograph of her–and found that an officer exercising reasonable diligence would have done more to solidify the preliminary conclusion that the suspect was the correct target.  494 F. Supp. 3d at 358. With respect to the officer's assertion that he relied on information communicated to him by another officer and an informant, the court found that neither the other officer nor the informant "definitively established the identity of that person as Linda Trail rather than Lynn Trail."  *Id.*  Here, in contrast to *Trail*, the information provided to Detective Lail from Deputy Bolin and Detective Watterson definitively established the identity of the offender as "Tracy Keith Rogers."  Although Deputy Bolin's report also referred to the offender as "Keith Rogers" in one location and "Mr. Rogers" in a few others, the Court does not believe that this amounts to a material name discrepancy like what happened in *Trail*.

Ultimately, because probable cause is a flexible, common-sense standard, and it is determined by examining the totality of the circumstances, the cases examining questions of probable cause are extremely fact-specific.  Here, after examining the totality of the circumstances known to Detective Lail in the light most favorable to Plaintiff, the Court cannot conclude as a matter of law that Detective Lail lacked probable cause or otherwise acted unreasonably in seeking an arrest warrant for Tracy Keith Rogers.  Stated plainly, unlike the other misidentification cases identified above, the facts of this case do not

indicate that Detective Lail was somehow unsure of the offender's identity and subsequently failed to use investigative methods to definitively establish the offender's liability.  Rather, here, a definitive identification of the offender had already been made by two other law enforcement officers–both of whom had spoken to the victim who identified the offender as a former employee, and the law enforcement officers both specifically referred to the offender at "Tracy Keith Rogers" in their reports–when Detective Lail became involved, and the law is well-settled that an investigating officer may reasonably rely on information provided by other law enforcement officers.  In other words, the Court finds that the facts known to Detective Lail provided her with a probability on which reasonable and prudent persons would act, and the Court therefore finds no constitutional violation under § 1983.  *See also Thompson v. Prince William Cnty.*, 753 F.2d 363, 364 (4th Cir. 1985) ("Not every mix-up in the issuance of an arrest warrant, even though it leads to the arrest of the wrong person with attendant inconvenience and humiliation, automatically constitutes a constitutional violation for which a remedy may be sought under 42 U.S.C. § 1983.").

Moreover, the Court disagrees with the Magistrate Judge that a genuine issue of fact remains regarding whether Detective Lail omitted material facts with a reckless disregard of whether they made her testimony to the magistrate judge misleading.  As stated above, the Court does not believe that the fact that Deputy Bolin's report referred to "Keith Rogers" on one occasion while specifically identifying the suspect and offender as "Tracy Keith Rogers" created a material name discrepancy like the name discrepancy in *Trail*. Additionally, the Court finds no basis to conclude that this information or the information regarding the significant distance between Plaintiff's residence and where the stolen tractor

15

was found was material to the magistrate judge's finding of probable cause.

Finally, and most importantly perhaps, even if the Court is incorrect in its analysis, such that Detective Lail *did* violate Plaintiff's constitutional rights by failing to independently investigate the information contained in Deputy Bolin's report and the information provided to her by Detective Watterson, and/or by failing to inform the magistrate that Deputy Bolin's report also referred to "Keith Rogers" on one occasion and that the tractor was found some distance from Plaintiff's residence, the Court nevertheless finds that Detective Lail is entitled to qualified immunity because she acted with objective reasonableness.

Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stanton v. Sims*, 571 U.S. 3, 5-6 (2013) (cleaned up); *Smith v. Gilchrist*, 749 F.3d 302, 307 (4th Cir. 2014). Courts evaluating a claim of qualified immunity consider a two-part test: (1) whether the allegations underlying the claim, if true, substantiate a violation of a federal statutory or constitutional right; and (2) whether the actions violate a clearly established right of which a reasonable person would have known? *Munday*, 848 F.3d at 253 (4th Cir. 2017).

Here, the Court need not consider the questions in order. Thus, even if Plaintiff's claim demonstrates the violation of a constitutional right such that Plaintiff was arrested without probable cause, if Detective Lail's actions did not violate a clearly established right of which a reasonable person would have known, then the inquiry ends and she is entitled to judgment as a matter of law. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Clem v. Corbeau*, 284 F.3d 543, 549 (4th Cir. 2002); *Meyers v. Balt. Cnty.*, 713 F.3d 723, 731 (4th Cir. 2013) (citing *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003)).

16

Ultimately, the Court agrees with Detective Lail that the qualified immunity analysis requires a more specific inquiry than that identified by the Magistrate Judge.  Furthermore, the Court agrees with Detective Lail that Plaintiff has not identified any law clearly establishing that Detective Lail was constitutionally required to independently investigate the specific information provided to her by two other law enforcement officers.  In other words, the Court is unaware of any law clearly establishing that Detective Lail acted unreasonably in relying in good faith on the two other law enforcement officers' specific identification of Tracy Keith Rogers as the offender, where both officers, in the course of the investigation, spoke directly to the victim, who identified the offender as his former employee.  At bottom, the information provided to Detective Lail by Deputy Bolin and Detective Watterson was supported by facts known to those officers, and the Court finds that it was objectively reasonable under the circumstances for Detective Lail to act on the basis of this information.  *See McKinney v. Richland County Sheriff's Dep't*, 431 F.3d 415 (4th Cir. 2005) ("The fact that Livingston did not conduct a more thorough investigation before seeking the arrest warrant does not negate the probable cause established by the victim's identification."); *see also Rogers v. Powell*, 120 F.3d 446, 453 (3d Cir. 1997) ("[A]n officer can lawfully act solely on the basis of statements issued by fellow officers if the officers issuing the statements possessed the facts and circumstances necessary to support a finding of the requisite basis."); *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991).  Accordingly, the Court finds that even if Detective Lail's actions did violate Plaintiff's constitutional rights, a reasonable person in Detective Lail's position could have failed to appreciate that her conduct would violate Plaintiff's constitutional rights.  Thus, the Court finds that Detective Lail's actions satisfy the requirements of objective

17

reasonableness on which qualified immunity rests. *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991).

## CONCLUSION

For the foregoing reasons, the Court sustains Detective Lail's objections (ECF No. 40), and the Court declines to adopt the Magistrate Judge's Report in full.  Instead, the Court adopts only the portion of the Report that recommends dismissal of Plaintiff's due process claim under the Fourteenth Amendment.  With respect to Plaintiff's illegal seizure claim under the Fourth Amendment, the Court declines to adopt the Report and instead grants Detective Lail's motion for summary judgment (ECF No. 23) for the specific reasons outlined in this order.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 21, 2022
Charleston, South Carolina